IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FERNANDO SHAH,

      Plaintiff,                                No. CIV S-11-318 GEB EFB PS

    vs.

EMPLOYMENT DEVELOPMENT DEPARTMENT,

      Defendant.                          <u>ORDER</u>

_____/

        This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21). Plaintiff requests authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*, and has submitted the affidavit required thereunder which demonstrates that plaintiff is unable to prepay fees and costs or give security thereof. Accordingly, the request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a).

        Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the *in forma pauperis* statute if, at any time, it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. Here, plaintiff's complaint alleges that his employer, the California Employment Development Department, violated the

1  Americans with Disabilities Act ("ADA") by failing to provide plaintiff with a reasonable
2  accommodation, failing to promote plaintiff, and reducing plaintiff's hours as a result of his
3  disability. Compl., Dckt. No. 1. Plaintiff contends that he has a permanent disability, Type II
4  diabetes, and other possible ailments. *Id.*

5  Although plaintiff alleges that defendant violated "Title VII" of the ADA, no such Title
6  exists. Rather, it appears that plaintiff intends to state a claim under Title I of the ADA. In order
7  to state a Title I ADA claim, plaintiff must show that he is (1) disabled under the ADA; (2) a
8  qualified individual able to perform the essential functions of the job; and (3) discriminated
9  against because of the disability. *See* 42 U.S.C. § 12112(a) ("No covered entity shall
10 discriminate against a qualified individual on the basis of disability in regard to job application
11 procedures, the hiring, advancement, or discharge of employees, employee compensation, job
12 training, and other terms, conditions, and privileges of employment."); *Bates v. United Parcel
13 Serv., Inc.*, 511 F.3d 974, 988 (9th Cir. 2007). The ADA defines a disability as (1) a physical or
14 mental impairment that substantially limits one or more major life activities; (2) a record of such
15 an impairment; or (3) being regarded as having such an impairment. 42 U.S.C. § 12102(1).

16 Although the complaint is conclusory, plaintiff alleges each of the required elements.
17 Therefore, the undersigned cannot state, based on the present record, that the action is frivolous
18 or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief
19 against an immune defendant. Accordingly, the undersigned will direct that the complaint be
20 served on defendant.

21 Plaintiff also requests appointment of counsel pursuant to 42 U.S.C. § 2000e-5(f). Dckt.
22 No. 3. However, the statute plaintiff cites authorizes the appointment of counsel in cases
23 brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), not cases brought under the
24 ADA. Disability is not a protected class under Title VII. *See Williams v. Holiday Inn,* 1996 WL
25 162992 (N.D. Cal. Mar. 13, 1996) (dismissing all of the employee's disability discrimination
26 claims under Title VII).

Nonetheless, to the extent plaintiff's request for appointment of counsel is construed as a request for counsel pursuant to 28 U.S.C. § 1915(d), that request is denied without prejudice. The court may only designate counsel to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(d) in certain exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990); *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988). In considering whether exceptional circumstances exist, the court must evaluate (1) the plaintiff's likelihood of success on the merits; and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell*, 935 F.2d at 1017. The court cannot conclude that plaintiff's likelihood of success, the complexity of the issues, or the degree of plaintiff's ability to articulate his claims amount to exceptional circumstances justifying the appointment of counsel at this time.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request to proceed *in forma pauperis*, Dckt. No. 2, is granted.

2. Plaintiff's request for appointment of counsel, Dckt. No. 3, is denied without prejudice.

3. The Clerk of the Court is directed to issue forthwith all process pursuant to Federal Rule of Civil Procedure 4.

4. The Clerk of Court shall send plaintiff two USM-285 forms, one summons, a copy of the complaint, this court's scheduling order, and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes and the court's voluntary dispute resolution program.

5. Plaintiff is advised that the U.S. Marshal will require:

    a. One completed summons;

    b. One completed USM-285 form for each defendant;

    c. A copy of the complaint for each defendant, with an extra copy for the U.S. Marshal; and,

        d. A copy of this court's scheduling order and related documents for each defendant.

6. Plaintiff shall supply the United States Marshal, within 14 days from the date this order is filed, all information needed by the Marshal to effect service of process, and *shall, within 14 days thereafter, file a statement with the court that said documents have been submitted to the United States Marshal*.

7. The U.S. Marshal shall serve process, with copies of this court's scheduling order and related documents, within 90 days of receipt of the required information from plaintiff, without prepayment of costs. *The United States Marshal shall, within 14 days thereafter, file a statement with the court that said documents have been served.* If the U.S. Marshal is unable, for any reason, to effect service of process on any defendant, the Marshal shall promptly report that fact, and the reasons for it, to the undersigned.

8. The Clerk of Court shall serve a copy of this order on the United States Marshal, 501 "I" Street, Sacramento, CA 95814 (tel. 916-930-2030).

DATED: May 5, 2011.

                      */s/ Edmund F. Brennan*
                      EDMUND F. BRENNAN
                      UNITED STATES MAGISTRATE JUDGE