1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FERNANDO SHAH,

11          Plaintiff,                    No. CIV S-11-318 GEB EFB PS

12      vs.

13   EMPLOYMENT DEVELOPMENT
     DEPARTMENT,

14
              Defendant.                  <u>ORDER</u>

15   _____/

16          This case, in which plaintiff is proceeding *in propria persona* and *in forma pauperis*, was

17   referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California

18   Local Rule 302(c)(21).  Defendant moves to dismiss plaintiff's complaint pursuant to Federal

19   Rule of Civil Procedure 12(b)(6) for failure to state a claim.  Dckt. No. 9.  Plaintiff opposes the

20   motion and has requested appointment of counsel.  Dckt. Nos. 15, 16.  For the reasons stated

21   herein, defendant's motion is granted and plaintiff's request for counsel is denied.

22   I.      <u>BACKGROUND</u>

23          Plaintiff's complaint alleges that his employer, the California Employment Development

24   Department, violated the Americans with Disabilities Act ("ADA") by failing to provide plaintiff

25   with a reasonable accommodation, failing to promote plaintiff, and reducing plaintiff's hours as a

26   result of his disability.  Compl., Dckt. No. 1.  Plaintiff contends that he has a permanent

disability, Type II diabetes, and other possible ailments.  *Id.*  He seeks "equitable compensation,

retirement, or transfer."  *Id.*  As noted in the screening order in this case, although plaintiff

alleges that defendant violated "Title VII" of the ADA, because no such Title exists, it appears

plaintiff intends to state a claim under Title I of the ADA.  *See* Dckt. No. 4 at 2.

II.   RULE 12(b)(6) MOTION TO DISMISS

Defendant moves to dismiss plaintiff's complaint pursuant to Rule 12(b)(6), arguing that

"plaintiff's claim under the Americans with Disabilities Act against defendant, a state agency, is

barred, as a matter of law, under the Eleventh Amendment to the United States Constitution."

Dckt. No. 9 at 1-2.  To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a

complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it

must contain factual allegations sufficient to "raise a right to relief above the speculative level."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something

more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable

right of action."  *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216,

pp. 235-36 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  Dismissal is appropriate based either on the

lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable

legal theories.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the

complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe

the pleading in the light most favorable to the party opposing the motion, and resolve all doubts

in the pleader's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869

(1969).  The court will "'presume that general allegations embrace those specific facts that are

necessary to support the claim.'"  *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256

(1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

1    Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

2    *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir.

3    1985).  However, the court's liberal interpretation of a pro se litigant's pleading may not supply

4    essential elements of a claim that are not plead.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.

5    1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

6    Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual

7    allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v.*

8    *Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

9    Plaintiff's allegations purport to state a Title I ADA claim against defendant, the

10   California Employment Development Department ("EDD").  Title I of the ADA "prohibits

11   employment discrimination against qualified individuals on the basis of disability." *See Vinson*

12   *v. Thomas*, 288 F.3d 1145, 1158 (9th Cir. 2002); 42 U.S.C. § 12112.  However, absent waiver of

13   Eleventh Amendment immunity, states are not amenable to suit under Title I of the ADA.  *See*

14   *Bd. of Trustees of the Univ. of Alabama v. Garrett*, 531 U.S. 356, 360 (2001) ("We hold that

15   such suits are barred by the Eleventh Amendment.").  EDD, as a state agency, is therefore

16   immune from suit under Title I of the ADA unless California has waived its Eleventh

17   Amendment protection in this specific context.  *Id.*; *Pennhurst State School & Hosp. v.*

18   *Halderman*, 465 U.S. 89, 100 (1984).

19   Here, there is nothing to suggest that California has waived its immunity to suit under

20   Title I of the ADA.  *Cf. BV Engineering v. Univ. of Cal., Los Angeles*, 858 F.2d 1394, 1397-1400

21   (9th Cir. 1988) (noting that waiver requires either express consent to suit from a state or clear

22   Congressional intent to condition participation in a federal program on waiver of immunity).

23   Congress did not precondition participation in the broader ADA program on a state waiver of

24   immunity, *see Garrett*, 531 U.S. at 363-64, and there is no indication that California or the EDD

25   has manifested a desire to consent to this type of suit.  *See BV Engineering*, 858 F.2d at 1397.

26   ////

1    Therefore, plaintiff's complaint must be dismissed.  However, plaintiff will be granted

2    leave to file an amended complaint to the extent that plaintiff can properly state a claim under

3    Title II of the ADA, the Rehabilitation Act of 1973, or another appropriate federal statute.  *Lopez*

4    *v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford *pro se*

5    litigants an opportunity to amend to correct any deficiency in their complaints).  Any amended

6    complaint must identify the specific theory or theories on which the complaint is based and shall

7    state the specific factual conduct that supports plaintiff's right to relief on each such theory.  In

8    other words, plaintiff must allege that defendant violated a particular statute or statutes (e.g.,

9    Title II of the ADA, the Rehabilitation Act, etc.), and shall state the specific conduct by

10   defendant that violates each such statute.

11   Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to

12   make an amended complaint complete.  Local Rule 220 requires that an amended complaint be

13   complete in itself.  This is because, as a general rule, an amended complaint supersedes the

14   original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once

15   plaintiff files an amended complaint, the earlier filed complaint no longer serves any function in

16   the case.  Therefore, "a plaintiff waives all causes of action alleged in the original complaint

17   which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811,

18   814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer

19   defendants.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

20   III.    REQUEST FOR APPOINTMENT OF COUNSEL

21   Plaintiff also once again requests appointment of counsel pursuant to 42 U.S.C.

22   § 2000e-5(f).[1]  Dckt. No. 15.  However, the statute plaintiff cites authorizes the appointment of

23   counsel in cases brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), not cases

24   brought under the ADA.  Disability is not a protected class under Title VII.  *See Williams v.*

25

26   [1] Plaintiff originally requested counsel shortly after filing his complaint, but that request was denied for similar reasons as those set forth herein.  *See* Dckt. Nos. 3, 4.

1    *Holiday Inn*, 1996 WL 162992 (N.D. Cal. Mar. 13, 1996) (dismissing all of the employee's

2    disability discrimination claims under Title VII). Nonetheless, to the extent plaintiff's request

3    for appointment of counsel is construed as a request for counsel pursuant to 28 U.S.C. § 1915(d),

4    that request is denied without prejudice. The court may only designate counsel to represent an

5    indigent civil litigant pursuant to 28 U.S.C. § 1915(d) in certain exceptional circumstances. *See*

6    *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332,

7    1335-36 (9th Cir. 1990); *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988). In considering

8    whether exceptional circumstances exist, the court must evaluate (1) the plaintiff's likelihood of

9    success on the merits; and (2) the ability of the plaintiff to articulate his claims pro se in light of

10   the complexity of the legal issues involved. *Terrell*, 935 F.2d at 1017. Because plaintiff's

11   complaint is dismissed herein, the court cannot conclude that plaintiff's likelihood of success,

12   the complexity of the issues, or the degree of plaintiff's ability to articulate his claims amount to

13   exceptional circumstances justifying the appointment of counsel at this time.

14   IV.    CONCLUSION

15          Accordingly, IT IS HEREBY ORDERED that:

16          1. Defendant's motion to dismiss plaintiff's complaint, Dckt. No. 9, is granted with leave

17   to amend as provided herein.

18          2. Plaintiff's motion for appointment of counsel, Dckt. No. 15, is denied.

19          3. Plaintiff has thirty days from the date this order issues to file an amended complaint,

20   as provided herein. The amended complaint must bear the docket number assigned to this case

21   and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in

22   accordance with this order will result in a recommendation that this action be dismissed.

23          4. The status (pretrial scheduling) conference that is currently set for March 14, 2012 is

24   continued to May 16, 2012 at 10:00 a.m. in Courtroom No. 24.

25   ////

26   ////

5.  The parties shall file status reports, as required by the May 5, 2011 order, on or before

May 2, 2012.

DATED:  February 22, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE